**STATE of Alaska, Appellant,**

v.

**Glenda J. GREENFIELD, Appellee.**

**No. S–6384.**

Supreme Court of Alaska.

Dec. 19, 1997.

Patrick J. Gullufsen, Assistant Attorney General, Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Thomas M. Daniel, Katherine C. Tank, Leif Fonnesbeck, Perkins Coie, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and CARPENETI, J. pro tem.*

*OPINION*

MATTHEWS, Justice.

I. *INTRODUCTION*

The State of Alaska appeals from a partial grant of summary judgment in favor of Glenda Greenfield. The superior court ruled that the Alaska Whistleblower Act waived the State's immunity from punitive damages and the jury awarded punitive damages against the State. We reverse.

II. *FACTS AND PROCEEDINGS*

In early 1992 Glenda J. Greenfield was employed by the State of Alaska as the Acting Director of Nursing at the Alaska Psychiatric Institute (API). In January and March she reported that Frank Crum, then an act-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

ing assistant director, had engaged in sexual harassment and other inappropriate conduct toward the API staff. After an investigation into her allegations, Crum was disciplined. In late March Greenfield's appointment as Acting Director of Nursing was allowed to expire, although no replacement for her had been selected. In June Greenfield resigned "because her working conditions had become so intolerable that she could no longer effectively perform her job, and she saw no reasonable likelihood that the situation would improve."

Greenfield sued the State and the director of API, asserting various civil rights complaints, among them violation of the Whistleblower Act, AS 39.90.100. She filed a motion for partial summary judgment seeking a holding from the superior court that she was entitled to pursue a punitive damage award against the State. Specifically, she argued that AS 39.90.120(a) provided for a waiver of the State's immunity from punitive damages. The superior court granted the motion.

The jury found the State liable under several statutes and awarded Greenfield $160,000 in punitive damages pursuant to the Whistleblower Act. The State appeals only the punitive damage award.

## III. *STANDARD OF REVIEW*

This appeal requires us to interpret the text of the Whistleblower Act. We apply our independent judgment to questions of statutory interpretation. *Sauve v. Winfree*, 907 P.2d 7, 9 (Alaska 1995).

## IV. *DISCUSSION*

The Whistleblower Act authorizes public employees to bring suit against individuals and public employers, including the State. Alaska Statute 39.90.120 provides:

(a) A person who alleges a violation of AS 39.90.100 may bring a civil action and the court may grant appropriate relief, including punitive damages.

(b) A person who violates or attempts to violate AS 39.90.100 is also liable for a civil fine of not more than $10,000. The attorney general may enforce this subsection.

(c) A person who attempts to prevent another person from making a report or participating in a matter under AS 39.90.100(a) with intent to impede or prevent a public inquiry on the matter is liable for a civil fine of not more than $10,000.

In *Alaska Housing Finance Corporation v. Salvucci*, 950 P.2d 1116, (Alaska 1997), we addressed this issue. The reasoning and holding of *Salvucci* apply to the present case. In *Salvucci* we said:

AS 39.90.120(a) does not expressly and specifically authorize awards of punitive damages against government entities. The text of the statute is ambiguous as to whether such damages were meant to be authorized against such defendants. The presumption disfavoring punitive damage awards against government entities therefore applies and the statute will not be construed as authorizing such awards. Moreover, the legislative history of the amendment which added reference to punitive damages to the statute shows that the amendment was added not to make government entities liable for punitive damages, but to ensure that individual defendants would not be immunized from punitive damages. That purpose is consistent with the reasons underlying the presumption disfavoring punitive damage awards against government entities.

*Id.* at 24, 950 P.2d at 1126.

## V. *CONCLUSION*

For the reasons that this court expressed in *Salvucci*, we hold that punitive damages are not available against the State under the Whistleblower Act. We therefore REVERSE the superior court's award of partial summary judgment to Greenfield on the issue of punitive damages.

COMPTON, C.J., with whom RABINOWITZ, J., joins, concurring.

FABE, J., not participating.

COMPTON, C.J., with whom RABINOWITZ, J., joins, concurring.

I concur in the result. For the reasons I expressed in *Alaska Housing Finance Cor-*

*poration v. Salvucci,* 950 P.2d 1126, (Alaska 1997), I believe it unnecessary to rely on the legislative history of AS 39.90.120(a) to resolve the issue of the availability of punitive damages under the Whistleblower Act.